**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**DONALD ALBRIGHT**                                    **CASE NO.  2:25-CV-00118**

**VERSUS**                                             **JUDGE JAMES D. CAIN, JR.**

**O'REILLY AUTOMOTIVE STORES INC**    **MAGISTRATE JUDGE LEBLANC**
**ET AL**

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment on Behalf of Defendant O'Reilly Automotive Stores, Inc." (Doc. 20) wherein Defendant moves to dismiss all of Plaintiff's claims with prejudice pursuant to Rule 56 of the Federal Rules of Civil Procedure.

### BACKGROUND

Plaintiff filed the instant lawsuit claiming that on December 15, 2023, he tripped and fell in the parking lot of the O'Reilly Automotive Store, ("the Store") in DeRidder, Louisiana. On the day of the alleged accident, Plaintiff went to the O'Reilly store to purchase a part for a truck.[1]  Plaintiff had frequented the store often and knew the names of the O'Reilly employees.[2] On those prior visits, Plaintiff had no issues with the sidewalk, handicapped ramp, or the area around the ramp, nor is he aware of any accidents relevant to same.[3]

---

[1] Defendant's exhibit 3, Donald Albright deposition, p. 69:18-21.
[2] *Id.*  pp. 63-67.
[3] *Id.* p. 103:7-18; 141:13-19.

Plaintiff testified in his deposition that he fell after checking the hood of his truck.[4] In his Petition for Damages, Plaintiff allege that he "tripped and stumbled on a concrete area that was unsecured."[5] In his response to discovery, Plaintiff stated that the accident occurred because the ramp was not in compliance with local, states and federal guidelines, and O'Reilly had failed to maintain the ramp.[6] In his deposition, Plaintiff testified that it was rubber that was not flush with cement and "laid out' in a way that caused him to fall.[7] Plaintiff also testified in his deposition that there was something else that caused him to fall, but he could not remember what it was.[8]

### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This

---

[4] *Id.*   pp. 83:16-21; 97:20-22.
[5] Doc. #1; Defendants exhibit A.
[6] Defendant's exhibit 5; Defendant's exhibit 3, Albright depo. p. 128:11-15.
[7] *Id.* pp. 98:10-25, 99-101, 126:22-25, 127:1-2; Defendant's exhibit E att. to Defendant's exhibit 3.
[8] *Id.* p. 127:3.

requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### LAW AND ANALYSIS

Plaintiff's claims arise from Louisiana Civil Code articles 2317, 2317.1, and 2322. To prevail under these articles, a plaintiff must prove (1) that Defendant had care, custody, or control of the thing causing harm, (2) that the thing contained a defect that presented an *unreasonable* risk of harm, (3) that this unreasonably harmful condition caused the resulting injury and (4) that the defendants knew or should have known of the defect. See *Alexander v. Hancock Bank*, 212 So.3d 713, 717 (La. App. 4 Cir. 2/8/17).

A defect, within the meaning of Article 2317.1, is a condition or imperfection in an object that causes it to present an unreasonable risk of injury to persons exercising ordinary care. *Maddox v. Howard Hughes Corp.*, 268 So.3d 333.338 (La. App. 4 Cir. 4/17/19

(internal citations omitted).  The existence of a defect may not be inferred solely from the fact that an accident occurred; a plaintiff is required to prove, by a preponderance of the evidence, the existence of a defect and that the defect caused the plaintiff's damage. *Id.*

Premises liability in Louisiana requires a proven "ruin, vice, or defect," not speculation of the possible existence of various defects that may have caused Plaintiff to fall, but a tangible condition creating an unreasonable risk that is evidenced beyond "mere conclusory allegations, improbable inferences, and unsupported speculation[.]" *Alexander*, 212 So.3d at 717.

Defendant argues that Plaintiff has made conclusory statements that his accident was caused by rubber caulking that had been installed in an unworkmanlike manner and extended ½ inch to 1 inch above the concrete.  However, Plaintiff has failed to submit any summary judgment evidence to support his statement.  The Court does not accept conclusory statements or statements without evidentiary support.

Defendant submits a report and affidavit of Kevin Vanderbrook, P.E.[9] who inspected the ramp and the parking lot are and concluded that the area where Plaintiff fell was not in violation of the International Building Code, Life Safety Code, or ADA guidelines.[10]  Mr. Vanderhook also concluded that the parking lot and sidewalk configuration were free of defects or deficiencies in construction, maintenance, or serviceability.[11]

---

[9] Defendant's exhibit 6.
[10] Defendant's exhibit B, attached to exhibit 6, Vanderbrook Expert Report.
[11] *Id.*

Plaintiff has failed to submit summary judgment evidence to create a genuine issue of material fact for trial as to a defect which presented an unreasonable risk of harm in the O'Reilly parking lot.

The existence of a defect "may not be inferred solely from the fact that an accident occurred." *King v. Allen Court Apartments II*, 185 So.3d 835, 840, *writ denied* (La. App. 1 Cir. 12/23/15), 189 So.3d 1069 (La. 3/14/16). Rather, the plaintiff "must prove that a defect existed and that the defect caused the plaintiff's damages." *Id.* Here, Plaintiff has failed to submit summary judgment evidence to create a genuine issue of material fact for trial that a defect existed in the parking lot that presented an unreasonable risk of harm.

Defendant argues that Plaintiff cannot meet his burden to identify what caused him to fall. Defendant notes that Plaintiff identified several different conditions that caused his fall as noted hereinabove. When a plaintiff's claim of causation is based on assumptions or speculation regarding the cause of a fall, Louisiana courts have upheld court decisions that have granted a summary judgment dismissal. See *Tomaso v. Home Depot, U.S.A., Inc.*, 174 So.3d 679 (La. App. 1 Cir. 6/5/15); *Mooty v. Centre at Westbank, LLC*, 63 So.3d 1062, 1067-68 (La. 5 Cir. 3/29/11); *Reed v. Home Depot USA, Inc.*, 843 So.2d 588, 591 (La. App. 2 Cir. 4/9/03).

Defendant argues that even if a defect existed, Plaintiff has not established that O'Reilly had notice of said defect prior to the extent.  The Court agrees that Plaintiff has failed to present any summary judgment evidence regarding prior notice of the alleged defect.

Plaintiff has not presented any summary judgment evidence such as other testimony, affidavits, documents, etc.  to create a genuine issue of fact for trial as to what caused him to fall, if there was a defect that caused the fall, and if O'Reilly had notice of the alleged defect.

## CONCLUSION

For the reasons explained herein, the Court will grant the Motion for Summary Judgment on Behalf of Defendant O'Reilly Automotive Stores, Inc. (Doc. 20) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 23rd day of April, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**